Judge Robertson
delivered the opinion of the Court.
“For value received, I promise to pay Robert A. Long, sixty dollars, to be paid in carpenter’s work, whenever the said Long shall call on me for the same. The said work and labor to be estimated at the usual prices for labor of the kind. February 28, 1822,
“JOHN HENRY,
«‘Test, Epw’p. F, Chappell.”
A covenant for personal services, not assignable at law, neither ‘stipulating to pay money nor property.’
If this covebie,‘ the deduration deMleglngVctemand, and an assignment,
Depew, for plaintiff.
On this covenant, Jesse Hughes, styling himself as* siguee of Long, instituted an action of covenant. The declaration shows no assignment, it avers none; nor does it aver any demand of the work.
Henry demurred to the declaration. But the court overruled his demurrer, and thereupon, a writ of inquiry being awarded, a verdict and judgment were rendéred in favor of Hughes.
The declaration is radically defective. A demurrer was necessary; and, therefore, some request by Long or Hughes ought to have been alleged.
The covenant is not assignable at law. It is not a writing stipulating for the payment of either money or property. It is for. personal services. A suit could not, therefore, be maintained on it by an assignee.
And if the covenant was assignable, the declaration does not state enough to entitle Hughes to sue. as assignee.
Wherefore, the judgment is reversed, the verdict set aside, and the cause remanded with.instructions to the circuit court to sustain the depiurrer to the declaration.